**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
www.flmb.uscourts.gov

In re:  Case No. 8:25-bk-06717-CPM
 Chapter 13

Gloria Yvonne Brown-White

    Debtor.
_____/

**TRUSTEE'S UNFAVORABLE RECOMMENDATION**
**AND OBJECTIONS TO CONFIRMATION OF THE PLAN**

TO:  Clerk, United States Bankruptcy Court

    1.    The Debtor's Petition for Relief to Chapter 13 was filed on September 16, 2025.

    2.    <u>Trustee's Recommendation to the Court</u>.  The Trustee cannot recommend confirmation of the Chapter 13 Plan at this time for the following reason(s):

    3.    It does not appear that the Debtor has dedicated all disposable income to the proposed Plan as required by 11 U.S.C. §1325(b)(1)(B).

    a.  The Trustee hereby requests/has requested the following additional documents pursuant to the District-wide Administrative Order Prescribing Procedures for Chapter 13 Cases, to determine if the Debtor has dedicated all disposable income to the Plan:

    income tax return for 2025

    b.  Pursuant to the District-wide Administrative Order Prescribing Procedures for Chapter 13 Cases, Debtor shall timely file all tax returns and make all tax payments and deposits when due.  (However, if Debtor is not required to file tax returns, Debtor shall provide Trustee with a statement to that effect.)  For each tax return that becomes due after the case is filed, Debtor shall provide a complete copy of the tax return; including business returns if Debtor owns a business, together with all related W-2's and Form 1099's to the Trustee within 14 days of filing the return. Unless otherwise consented to by the Trustee or ordered by the Court, Debtor shall turn over to the Trustee all tax refunds in addition to regular Plan payments, beginning with the tax year <u>2025</u>.  Debtor shall not instruct the Internal Revenue Service or other taxing agency to apply a refund to the following year's tax liability.  **Debtor shall spend no tax refunds without first having obtained the Trustee's written consent or court approval.**

    4.    According to Schedules I and J, it does not appear that the Debtor has sufficient disposable income to fund the proposed Plan as required by 11 U.S.C. §1325(a)(6).  An amended budget must be filed.

    5.      The Plan violates 11 U.S.C. §1325(a)(4) because it does not pay unsecured creditors the value of what they would receive in a case under Chapter 7.

        a. The Trustee hereby requests/has requested the following additional documents pursuant to the District-wide Administrative Order Prescribing Procedures for Chapter 13 Cases, to determine if the Debtor has met the best interests of creditors test:

        income tax return for 2025

    6.      An Amended Plan must be filed because:

        a. The Plan fails to meet the requirements of 11 U.S.C. §1325(a)(6) and §1325(b)(1)(B) because the Debtor is proposing to modify their home mortgage, which proposal is speculative in nature. Any attempt to modify the mortgage must be completed prior to confirmation and approved by the Court. If a loan modification is approved, the Debtor must amend the Plan and budget accordingly.

/s/ Kimberly R. McIntyre
Kimberly R. McIntyre, Esquire
Staff Attorney for Chapter 13 Trustee
Florida Bar No. 14123
P.O. Box 25001
Bradenton, Florida 34206-5001
Phone: (941) 747-4644
Fax: (941) 750-9266

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Trustee's Unfavorable Recommendation and Objections to Confirmation of the Plan has been furnished electronically by CM/ECF services and/or by U.S. Mail to Gloria Yvonne Brown-White, Debtor, 27021 Coral Springs Dr., Wesley Chapel, FL 33544, **David Wilson, IV, Esq.**, Attorney for Debtor, PO Box 3142, Winter Haven, FL 33885 and the **U.S. Trustee,** 501 East Polk Street, Suite 1200, Tampa, Florida 33602 on this 27th day of October, 2025.

/s/ Kimberly R. McIntyre
Kimberly R. McIntyre, Esquire

DJS/KRM/kd